UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERTA T. CHARPENTIER | : | CIVIL ACTION NO. |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONINO 450 WEST THAMES, INC., | : | MAY 19, 2015 |
| D/B/A GIRARD FORD | : | |
|    Defendant | : | |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer regarding the purchase and sale of a 2013 Ford Escape (the "Ford Escape") pursuant to a retail installment sales contract (the "Contract"). Plaintiff brings this action to recover actual damages, statutory damages, reasonable attorney's fees and costs from Defendant Antonino 450 West Thames, Inc. d/b/a Girard Ford ("Girard Ford"). The Plaintiff claims that Girard Ford has violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA").

### II. PARTIES

2. Plaintiff is a consumer and natural person residing in Preston, Connecticut.

3. Girard Ford is a Connecticut corporation that operates an automobile dealership in Norwich, Connecticut.

### III. JURISDICTION

4. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. This court has jurisdiction over Girard Ford because it is a Connecticut corporation that regularly conducts business in this state.

6. Venue in this court is proper, because the Plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

### IV. FACTUAL ALLEGATIONS

7. Prior to March 16, 2015, Plaintiff visited Girard Ford for the purpose of looking at vehicles for sale.

8. Plaintiff was interested in trading in a 2005 Jeep Liberty (the "Jeep Liberty"), which she asked Girard Ford to appraise and advise her regarding the trade-in value.

9. Girard Ford told Plaintiff that she would be given an allowance of $4,500 for the Jeep Liberty towards the purchase of another vehicle.

10. In reality, the trade-in value of the Jeep was less than $4,500 and, on information and belief, Girard Ford had appraised the value of the Jeep for less than $4,500.

11. Plaintiff selected a used 2013 Ford Escape (the "Ford Escape").

12. Girard Ford told Plaintiff that the price of the Ford Escape was between $18,000 and $19,000.

13. Girard Ford had previously advertised the Ford Escape online for $18,971.

14. Girard Ford prepared a Purchase Order and Retail Installment Contract (the "Contract") for the Ford Escape.

15. Unbeknownst to Plaintiff, the Ford Escape was previously utilized as a rental vehicle.

16. Although the Purchase Order had a "box" to be checked for the sale of vehicles that were former rental cards, Girard Ford did not check the box.

17. Additionally, Girard Ford did not disclose in its on-line advertisement that the Ford Escape was previously a rental vehicle.

18. The contract documents reflected a cash price of $21,471, an amount that was $2,500 more than the advertised price and that was greater than the price quoted to Plaintiff.

19. Girard Motors also credited Plaintiff with $5,800 for the Jeep Liberty, an amount that was significantly greater than the assessed value.

20. By inflating the Vehicle's cash price and overstating the Jeep Liberty's value, Girard Motors provided Plaintiff with an inaccurate and deceptive itemization of the amount financed.

21. Plaintiff did not notice that Girard Ford had increased the price of the Vehicle or had given her more than promised for her trade-in until after taking delivery of the Vehicle.

22. Plaintiff would not have purchased the Vehicle if she had known it was a former rental vehicle; if she wanted to purchase a former rental vehicle she would have been able to do so through a family discount program with Enterprise where her brother works.

23. The Vehicle had a reduced value due to the prior rental history.

## V. CAUSES OF ACTION

### A. TRUTH IN LENDING ACT

24. Girard Ford violated TILA by not accurately itemizing the amount financed.

25. Plaintiff has suffered damages, because she did not realize that the purchase price of the Vehicle was increased on account of the trade-in over-allowance, she did not understand the transaction, and she did not realize the amounts that she was paying for the Vehicle or borrowing for the Vehicle.

26. Girard Ford is liable to Plaintiff for her actual damages plus a reasonable attorney's fee.

### B. CONNECTICUT UNFAIR TRADE PRACTICES ACT

27. Girard Ford's failure to sell the vehicle for the advertised price and its undisclosed inflation of that price to compensate for the overallowance on the trade-in constitute unfair and deceptive acts and practices in violation of CUTPA, and it has caused Plaintiff to suffer an ascertainable loss of money or property in that she has paid more money for the Vehicle than she would have paid if she had been charged the advertised price, which had been communicated to her, and if she had been given the allowance that she had been promised.

28. Girard Ford's failure to disclose the rental history of the vehicle constitutes unfair and deceptive acts and practices in violation of CUTPA, and it has caused Plaintiff to suffer an ascertainable loss of money or property.

29. Girard Ford is liable to Plaintiff for her actual damages plus, in the discretion of the court, punitive damages and attorney's fees.

**Wherefore, Plaintiff claims** actual damages, punitive damages, and a reasonable attorney's fee.

                **PLAINTIFF, ROBERTA T. CHARPENTIER**

                By: /s/ *Daniel S. Blinn*
                Daniel S. Blinn (ct02188)
                Consumer Law Group, LLC
                35 Cold Spring Rd. Suite 512
                Rocky Hill, CT  06067
                Tel. (860) 571-0408
                Fax. (860) 571-7457
                dblinn@consumerlawgroup.com